UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Exist, Inc, a Florida corporation

      Plaintiff,

v.

E.S.Y., INC. d/b/a LIQUID ENERGY, a Florida
corporation; DOES 1-10

      Defendant.

_____/

**CIVIL ACTION NO:**

**PLAINTIFF'S COMPLAINT**

JURY TRIAL DEMANDED

Plaintiff Exist, Inc. (herein "EXIST" or "Plaintiff"), by and through its undersigned counsel, hereby seeks relief from this Honorable Court based upon the following:

### JURISDICTION AND VENUE

1.     This action arises under the Copyright Act of 1976, 17 U.S.C. § 101 et seq. and the Trademark Act of 1946, as amended (the "Lanham Act"), 15 U.S.C. § 1051 et seq., and applicable state and common law.

2.     This Court has federal question jurisdiction under 28 U.S.C. §1331 and 1338(a) and 1338(b).

3.     Venue is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial portion of the acts and omissions giving rise to the claims occurred, including, but not limited to, Defendant, E.S.Y., INC. d/b/a LIQUID ENERGY (herein "ESY") and other unidentified DOE Defendants, operating a business through marketing, promoting, advertising, offering for sale and selling infringing garments bearing the ESY Shield Mark in violation of

1

Plaintiff's exclusive rights in the EXIST Shield and Design trademark and Exist Shield copyright. Additionally, ESY is a Florida corporation with a principal place of business in this District.

4.      The Court has supplemental jurisdiction over Plaintiff's state law claims under Section 1367(a) of the Judicial Code, 28 U.S.C. § 1367(a).

5.      Venue is proper pursuant to Sections 1391(b) and1391(c) of the Judicial Code, 28 U.S.C. § 1391(b) and (c), in that a substantial part of the events giving rise to the claim occurred in this District.

## PARTIES

6.      EXIST is a corporation organized and existing under the laws of the State of Florida with its principal place of business located at 1650 NW 23rd Ave., Fort Lauderdale, Florida 33311.

7.      Upon information and belief, Defendant E.S.Y., INC. d/b/a LIQUID ENERGY (herein "ESY") is a Florida company organized and existing under the laws of the state of Florida located and doing business in North Miami Beach, Florida.

8.      EXIST is informed and believes, and thereon alleges, that some of Defendants DOES 1 through 3 are manufacturers and/or vendors of garments to parties in this suit, which DOE Defendants have manufactured and/or supplied and are manufacturing and/or supplying garments having hang tags printed with EXIST's copyrighted Shield design (as hereinafter defined) without EXIST's knowledge or consent, or have contributed to said infringement.  The true names, whether corporate, individual or otherwise, of Defendants DOES 1 through 3 are presently unknown to EXIST, which therefore files this claim against said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

2

9.      Defendants DOES 4 through 10 are other parties not yet identified who have infringed EXIST's Shield copyright, have contributed to the infringement of EXIST's copyright, or have engaged in one or more of the wrongful practices alleged herein.  The true names, whether corporate, individual or otherwise, of Defendants DOES 4 through 10 are presently unknown to EXIST, which therefore files this claim against said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

10.      EXIST is informed and believes, and thereon alleges, that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants, and was at all times acting within the scope of such agency, affiliation, alter-ego relationship, and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of the facts and circumstances, including, but not limited to, full knowledge of each and every violation of EXIST's rights and damages to EXIST proximately caused thereby.

<u>FACTS</u>

11.      EXIST is a leading maker of custom apparel for men, ladies, juniors and children with markets extending throughout the United States and extending into Mexico, the Caribbean Islands, and Canada. EXIST markets and sells garments under multiple EXIST trademarks and bearing multiple EXIST copyrighted designs, throughout the United States, including through the EXIST website (www.existusa.com).

<u>TRADEMARK RELATED FACTS</u>

12.     EXIST's Florida trademark registration for the EXIST Shield Mark (Registration No. T14000000643)(herein the "EXIST Shield Mark" or "'643 Mark") is valid, subsisting and in full force and effect and constitute prima facie evidence of EXIST's exclusive right to use the registered marks in connection with the goods identified therein. True and correct copies of the Florida State Trademark Registration and the initial application showing the EXIST Shield trademark registration is attached hereto as Exhibit A.

13.     The goods provided by EXIST under the EXIST Shield mark, include but are not limited to, t-shirts, tank tops, short sets and sweatshirts, manufactured subject to EXIST's quality control standards. EXIST has developed a reputation for providing affordable quality goods under the EXIST Shield Mark and consumers have come to expect that goods bearing the EXIST Shield Mark are subject to such quality standards.

14.     EXIST began using the EXIST Shield Mark in 2010 by selling garments carrying the such Mark in Florida and throughout the United States.  Through EXIST's significant investment of time, money, effort, widespread sales, and the quality of products sold under or in connection with its Mark, the EXIST Shield Mark has acquired significant value and has become well-known to the consuming public and in the trade as identifying and distinguishing the source of EXIST's goods on an exclusive and unique basis.  EXIST has sold garments bearing the EXIST Shield Mark continuously its introduction in 2010, in Florida, in interstate commerce and throughout the United States.

15.     Upon information and belief in or about 2014, long after EXIST commenced its use of the EXIST Shield Mark, ESY began using an identical or substantially similar mark, (herein after

the "ESY Shield Mark") in connection with its own competing garments.  Upon information and belief, ESY sells garments bearing ESY Shield Mark in Florida and in interstate commerce.

16.     ESY has never been associated or affiliated with EXIST in any way and EXIST has never authorized or otherwise licensed ESY's use of any type of "shield" mark in connection with the alleged goods or any other products or services in the United States or elsewhere.

17.     Upon information and belief, ESY is targeting the very consumers, retailers, and wholesalers who are familiar with and who are customers of EXIST's goods offered under the EXIST Shield Mark.

18.     Upon information and belief, ESY's use of the ESY Shield Mark is causing actual confusion in the marketplace, or is likely to cause such customer confusion, whereby consumers mistakenly assume that ESY and products offered under the ESY Shield Mark are associated with or sponsored or approved by EXIST. ESY's use of the ESY Shield Mark is likely to continue to cause confusion, as consumers will assume that ESY's goods are authorized by, endorsed by, associated with, or are otherwise connected with EXIST or the goods and services offered under the EXIST Shield Mark.

19.     ESY's use of the ESY Shield Mark in connection with the infringing goods is intentional, malicious, willful and wanton.

20.     The use by ESY of the ESY Shield Mark unfairly and unlawfully wrests from EXIST control over its EXIST Shield Mark and reputation and is unjustly enriching ESY.

21.     ESY's unauthorized acts as described herein have caused and will continue to cause irreparable damage to EXIST's business and goodwill unless restrained by this Court.

## COPYRIGHT RELATED FACTS

22.     Prior to the conduct complained of herein, EXIST created and maintained ownership of original two-dimensional artwork for a garment label and/or hang tag with the Internal Design Number 1795 (herein "EXIST Shield Design").  A true and correct copy of the EXIST Shield Design is attached hereto as Exhibit B.  The EXIST Shield Design was created by EXIST and/or EXIST's Design team, and is, and at all relevant times was, owed exclusively by EXIST.

23.     EXIST applied for and received a United States Copyright registration for the EXIST Shield Design, VA 1908820, used in connection with its hand tag and/or label.

24.     Prior to the acts complained of herein, EXIST created formatted EXIST's Shield Design for use on labels and hang tags attached to garments sold by EXIST.

25.     EXIST is informed and believes, and thereon alleges that, Defendants misappropriated EXIST Shield Design, and were selling fabric and/or garments bearing labels or hang tags which were illegal reproductions and/or derivations of EXIST Shield Design.

26.     EXIST is informed and believes, and thereon alleges, that without EXIST's authorization, Defendants created, sold, manufactured, caused to be manufactured, imported and/or distributed fabric and/or garments bearing labels or hang tags that are identical or substantially similar to EXIST Shield Design to numerous parties in the fashion and apparel business, including but not limited to garments bearing ESY style number RV-01 and RV-08, and bearing RN # 101878. Exhibit C attached shows sale of infringing goods in this Judicial District.

27.     Upon information and belief, Defendants sold and/or caused to be distributed garments bearing labels and hang tags with designs that are identical or substantially similar to

EXIST Shield Design, and hence infringe EXIST's copyrights in and to its EXIST Shield Design, to numerous parties in the State of Florida.

28.     EXIST is informed and believes, and thereon alleges, that Defendants have committed acts of copyright infringement with actual or constructive knowledge of EXIST's rights, and/or in blatant disregard for EXIST's rights, such that said acts of copyright infringement were, and continue to be, willful, intentional, and malicious, which further subjects Defendants to liability for statutory damages under Section 504(c)(2) of the Copyright Act in a sum not to exceed one hundred fifty thousand dollars ($150,000) per infringement.

29.     EXIST is informed and believes, and thereon alleges, that Defendants are infringing EXIST's copyright for the EXIST Shield Design in violation of EXIST's intellectual property rights.

30.     A comparison of the Exist Shield Design (left)  and the Infringing Garment label or hang tag (right) is set forth below.

 

31.     It is apparent that design elements are identical or substantially similar, including but not limited to the double exterior block lines, large block lettering for the first word with the second word directly below in regular smaller lettering, the shield design with center white separator line

moving from top right to bottom left, the block letter E within the shield, the scroll below the shield, the crown on top of the shield, and the leaves surrounding the shield. The designs are identical or substantially similar in their composition, arrangement, layout and appearance.

## COUNT I

## COPYRIGHT INFRINGEMENT

32.    EXIST repeats, re-alleges, and incorporates herein by reference as though fully set forth, all allegations and facts contained in complaint Paragraphs 1 through 31, inclusive, contained in this complaint.

33.    EXIST is informed and believes, and thereon alleges, that Defendants had access to EXIST Shield Design, including, without limitation, by (a) access to authorized or unauthorized reproductions of EXIST Shield Design by third-parties; (b) access to Plaintiff's samples (for example, trade show samples); and (c) access to garments lawfully manufactured and sold to the public bearing EXIST Shield Design by EXIST for its customers.

34.    EXIST is informed and believes, and thereon alleges, that Defendants manufacture labels and hang tags for garments or employ garment vendors, whose garments infringe EXIST Shield Design in that the garments bear labels and hang tags featuring unauthorized designs that are identical or substantially similar to the EXIST Shield Design.

35.    EXIST is informed and believes, and thereon alleges, that Defendants infringed EXIST's copyright by importing, creating, making, and/or developing directly infringement and/or derivative works from EXIST Shield Design, and by producing, distributing, and/or selling garments with the infringing label or hang tag design through a nationwide network.

36.     Due to Defendants' acts of copyright infringement, EXIST has suffered general and special damages to its business in an amount to be established at trial.

37.     Due to Defendants' acts of copyright infringement, EXIST has suffered substantial damages to its business in an amount to be established at trial.

38.     Due to Defendants' acts of copyright infringement, as alleged herein, Defendants have obtained direct and indirect profits it would not otherwise have realized but for its infringement of the EXIST Shield Design.  As a result, EXIST is entitled to such disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the EXIST Shield Design in an amount to be determined at trial.

39.     EXIST is informed and believes, and thereon alleges, that Defendants have committed acts of copyright infringement which were willful, intentional, and malicious, which further subjects Defendants to liability for statutory damages under Section 504(c)(2) of the Copyright Act in a sum not to exceed one hundred fifty thousand dollars ($150,000) per infringement.  EXIST will make its decision between actual damages and statutory damages in the time permitted by law.

<u>COUNT II</u>

<u>VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT</u>

40.     EXIST repeats, re-alleges, and incorporates herein by reference as though fully set forth, all allegations and facts contained in complaint Paragraphs 1 through 31, inclusive, contained in this complaint.

41.     EXIST is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or

subsequent sales of garments bearing labels or hang tags featuring designs identical or substantially similar to the EXIST Shield Design as alleged herein.

42.     EXIST is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

43.     By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, EXIST has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

44.     Due to Defendants', and each of their acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the EXIST Shield Design. As such, EXIST is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the EXIST Shield Design, in an amount to be established at trial.

45.     EXIST is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement. Within the time permitted by law, EXIST will make its election between actual damages and statutory damages.

## COUNT III

## FEDERAL UNFAIR COMPETITION (15 U.S.C. § 1125(a))

46.     EXIST repeats, re-alleges, and incorporates herein by reference as though fully set forth, all allegations and facts contained in complaint Paragraphs 1 through 31, inclusive, contained in this complaint.

47.     DEFENDANTS sell garments bearing the ESY Shield Mark in interstate commerce. DEFENDANTS' use of the ESY Shield Mark on labels and hang tags in connection with goods that are identical and/or closely related to those offered by EXIST under the EXIST Shield Mark constitutes a false or misleading description of fact as to the origin or sponsorship of DEFENDANTS' goods.

48.     DEFENDANTS' infringing use of the EXIST Shield Mark for identical or related goods is likely to cause confusion, mistake, or deception as to the source of DEFENDANTS' goods and is likely to mislead consumers and retailers that the infringing goods are authorized, sponsored, endorsed, licensed by, or affiliated with EXIST.

49.     DEFENDANTS' actions constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

## COUNT IV

## FEDERAL FALSE DESIGNATION OF ORIGIN (15 U.S.C. 1125(a))

50.     EXIST repeats, re-alleges, and incorporates herein by reference as though fully set forth, all allegations and facts contained in complaint Paragraphs 1 through 31, inclusive, contained in this complaint.

51.     DEFENDANTS' acts, as alleged herein, constitute a false designation of origin, which is likely to cause confusion, mistake or deception in violation of 15 U.S.C. §1125(a).

52.     DEFENDANTS sell garments bearing the ESY Shield Mark in interstate commerce. Defendants' use of the infringing ESY Shield mark constitutes false designation of origin, false or misleading description, and/or false or misleading representation as to the origin or sponsorship of the goods. Such unauthorized use causes, and is likely to cause, confusion, mistake, or deception of others, as to the affiliation, connection, or association of DEFENDANTS with EXIST, and also causes, and is likely to cause, confusion, mistake, or deception as to the origin, sponsorship, or approval of the goods and services of DEFENDANTS with those of EXIST.

53.     Such false designation, description, and/or representation constitutes unfair competition and is an infringement of Plaintiff's rights in its EXIST Shield mark in violation of the Lanham Act §43(a), 15 U.S.C. § 1125(a).

54.     DEFENDANTS knew, or should have known, of EXIST's rights, and DEFENDANTS' false description, false representation, and false designation of origin were knowing, willful, and deliberate, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

55.     EXIST has been, and will continue to be, damaged by such false description, false representation, and false designation of origin in a manner and amount that cannot be fully measured or compensated in economic terms. DEFENDANTS' actions have damaged, and will continue to damage, EXIST's rights, reputation, and goodwill, and may discourage current and potential customers from dealing with EXIST. Such irreparable harm will continue unless DEFENDANTS' acts are restrained and/or enjoined during the pendency of this action and thereafter.

56.     As a result, EXIST has suffered damages with interest, to be proven at trial.

57.     EXIST has no adequate, complete remedy at law.

<u>COUNT V</u>

<u>FLORIDA TRADEMARK INFRINGEMENT (Florida Statutes §495.151)</u>

58.     EXIST repeats, re-alleges, and incorporates herein by reference as though fully set forth, all allegations and facts contained in complaint Paragraphs 1 through 31, inclusive, contained in this complaint.

59.     DEFENDANTS' acts, as alleged herein, constitute an infringement of EXIST's rights as set forth in Florida Statutes §495.151 et seq.

60.     The Infringing Uses constitute the use of unconsented copies or colorable imitations of a Florida Registered Mark (the EXIST Shield Mark) offering for sale goods in a manner likely to cause confusion or mistake as to the source or origin of the goods.

61.     On information and belief, DEFENDANTS' unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith.

62.     DEFENDANTS' acts, as alleged herein, have caused irreparable injury and damage to EXIST, and unless restrained, will continue to do so.

63.     As a result, EXIST has suffered damages with interest.

64.     EXIST has no adequate complete remedy at law.

<u>COUNT VI</u>

<u>UNFAIR COMPETITION FLORIDA COMMON LAW</u>

65.     EXIST repeats, re-alleges, and incorporates herein by reference as though fully set forth, all allegations and facts contained in complaint Paragraphs 1 through 31, inclusive, contained in this complaint.

66.     DEFENDANTS' operation of a business offering for sale and selling garments bearing labels and hang tags with the infringing ESY Shield Mark is without EXIST's authorization.

67.     DEFENDANTS' use of the ESY Shield Mark in connection with identical or substantially related goods is likely to confuse the public and the trade as to the origin, source or sponsorship of DEFENDANTS' goods, or to cause mistake or to deceive the public and members of the trade into believing that DEFENDANTS' goods are authorized, sponsored, endorsed, licensed by, or affiliated with EXIST, in violation of EXIST's rights in the EXIST Shield Mark under the common law of the State of Florida.

68.     By misappropriating and trading upon the goodwill and business reputation represented by the EXIST Shield Mark, DEFENDANTS have been and, unless enjoined by this Court, will continue to be unjustly enriched at EXIST's expense.

69.     The improper use by DEFENDANTS of a mark confusingly similar to the EXIST Shield Mark, constitutes misappropriation of Plaintiff's mark, and DEFENDANTS other unfair activities constitute unfair competition and a violation of the common law rights of EXIST under the laws of the State of Florida. DEFENDANTS' use of trademark(s) identical or substantially similar to the EXIST Shield Mark for identical or substantially related goods compared to those sold by EXIST constitutes unfair competition with EXIST in violation of the common law of Florida.

70.     The foregoing activities were, and are, likely to cause confusion or mistake among consumers as to the origin or affiliation of DEFENDANTS' unauthorized sales and services. The unfair competition of DEFENDANTS has caused, and will cause, irreparable injury and damage to the business, reputation, and goodwill of EXIST. Such irreparable injury will continue unless the acts of DEFENDANTS are enjoined. DEFENDANTS' conduct has caused and is causing immediate and irreparable injury to EXIST and to its goodwill and reputation, and will continue both to damage EXIST and deceive the public unless permanently enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, EXIST respectfully prays for judgment as follows:

1.a.    A permanent injunction, including those permitted under 15 U.S.C. § 1116 and 17 U.S.C. § 502, enjoining and restraining DEFENDANTS and their officers, directors, principals, agents, servants, employees, successors, assigns, attorneys, and all those persons in active concert or participation therewith who received actual notice of this Court's orders:

i.   from causing likelihood of confusion, or causing mistake, or to deceive as to the affiliation, connection, or association of DEFENDANTS with Plaintiff or Plaintiff's Mark, or as to the origin, sponsorship, or approval of DEFENDANTS' goods, services, or commercial activities, or causing injury to business reputation, or dilution of the distinctiveness of Plaintiff's Mark, or Plaintiff's forms of advertisement;

ii.  from directly or indirectly falsely designating or representing that any goods or services are authorized, approved, associated with, or originating from, Plaintiff;

15

iii. from directly or indirectly using the Infringing Marks or any confusingly similar variants, iterations, or forms thereof, which is likely to cause confusion or further irreparable harm to Plaintiff's business reputation or goodwill and from directly or indirectly using the Infringing Design(s) or any confusingly similar variants, iterations, or forms thereof, which is likely to cause confusion or further irreparable harm to Plaintiff's business reputation or goodwill;

iv. from utilizing the Infringing Mark(s) or Infringing Design(s) or any confusingly similar variants in any shape or manner;

v. from publishing, assembling, marketing, distributing, or otherwise utilizing any literature, business forms, advertisements, signs, or any other representations, regardless of the medium, which bear the Infringing Mark(s) and Infringing Design(s) or any confusingly similar variant, and from otherwise unfairly competing in any way with Plaintiff;

vi. to deliver up to Plaintiff all literature, advertisements, business forms, signs, and any other representations, regardless of form, which are in, or come to be in, DEFENDANTS respective possession, custody, or control and which bear the Infringing Mark(s) and Infringing De(s)sign or any confusingly similar variant;

vii. to notify their direct customers, agents, and representatives that the Infringing Mark(s) and Infringing Design(s) or any confusingly similar variant are not connected with Plaintiff;

viii. to immediately institute full compliance with any order entered by this Court, and, within thirty days following the date of entry of any preliminary or permanent injunctive relief issued by this Court, propound and file a statement, under oath and penalty of perjury, that each and every injunctive provision has been fully and completely complied with;

16

b.    An accounting and payment of all profits gained by DEFENDANTS while engaging in the acts complained of herein, and be required to compensate Plaintiff for all actual damages sustained by Plaintiff by reason of the acts of DEFENDANTS described herein.;

2.    That DEFENDANTS, their agents and employees be enjoined from infringing Plaintiff's copyrights in any manner, specifically those for the EXIST Shield Design;

3.    That Plaintiff be awarded all profits of DEFENDANTS plus all losses of Plaintiff, plus any other monetary advantage gained by the DEFENDANTS through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 et seq.;

4.    That Plaintiff be awarded its attorneys' fees as available under the Copyright Act, 17 U.S.C. § 101 et seq.;

5.     That DEFENDANTS and each of them, account to Plaintiff for their profits and any damages sustained by Plaintiff arising from the foregoing acts of infringement as provided by 15 U.S.C. § 1117;

6.    That DEFENDANTS be required to pay Plaintiff such damages as Plaintiff has sustained, or will sustain, in consequence of DEFENDANTS' trademark infringement, false designation of origin, unfair competition, and to account for all gains, profits, and advantages derived by DEFENDANTS that are attributable to such unlawful acts; and that such damages be trebled as provided by 15 U.S.C. § 1117.

7.    That the Court adjudge this to be an exceptional case and require the DEFENDANTS to pay over to Plaintiff the cost of this action, including reasonable attorneys fees and interest as provided by 15 U.S.C. § 1117.

8.      That Plaintiff be awarded pre-judgment interest as allowed by law;

9.      That Plaintiff be awarded the costs of this action; and

10.     For such other and further relief as this Court may deem just and proper.


EXIST DEMANDS A JURY TRIAL.


Dated: October 23, 2014                    By: s/ Darren Spielman
                                           Darren Spielman (FL Bar 010868)
                                           Dspielman@ComplexIP.com
                                           Robert C. Kain, Jr. (FL. Bar 266760)
                                           Rkain@ComplexIP.com
                                           Kain & Associates, Attorneys at Law, P.A.
                                           900 S.E. 3rd Ave. Suite 205
                                           Ft. Lauderdale, FL
                                           Tel: (954) 768-9002
                                           Fax: (954) 768-0158

                                           Attorneys for Plaintiff, Exist, Inc.

# EXHIBIT A



**FLORIDA DEPARTMENT OF STATE**
Division of Corporations

July 8, 2014

ROBERT C. KAIN, JR., ESQUIRE   *2ND MAILING*
KAIN & ASSOCIATES
900 SE 3RD AVENUE
FT. LAUDERDALE, FL  33316

The mark registration for EXIST MIAMI & DESIGN OF "EXIST" IN BLOCK LETTERS WITH "MIAMI," SHIELD WITH DIAGONAL LINE AND "E" AND A DOG, WREATHES, 1995, SCROLL AND SLOGAN "TRY ME ONCE, LOVE ME FOREVER!" was filed on June 17, 2014, and assigned document number T14000000643.  Please refer to this number whenever corresponding with this office.  Please note if the address of the owner changes, it is the responsibility of the owner to notify this office in writing of such change.

It should be noted that registration of a mark by the Florida Department of State is a ministerial act intended solely to provide public notice of the registrant's ownership rights.  The right of ownership of any mark is based on the use of a mark in the ordinary course of trade and is not based on a grant by the Florida Department of State.  Further, it is the responsibility of the owners of an existing mark, not the Florida Department of State, to defend it in cases of infringement.

Please be aware if the owner's address changes, it is the responsibility of the owner to notify this office.  To facilitate processing, please refer to the trademark's registration number on your change of address notice.

Enclosed please find your certification.

Should you have any questions regarding this matter, please telephone (850) 245-6051, the Trademark Section.

Nanette Causseaux
Regulatory Specialist II Supervisor
Division of Corporations                    Letter number: 814A00013215



# State of Florida

## Department of State

I certify from the records of this office that EXIST, INC., a Florida Corporation located at 1650 N.W. 23RD AVENUE, BAY A, FT. LAUDERDALE, FL 33311 has registered EXIST MIAMI & DESIGN OF "EXIST" IN BLOCK LETTERS WITH "MIAMI," SHIELD WITH DIAGONAL LINE AND "E" AND A DOG, WREATHES, 1995, SCROLL AND SLOGAN "TRY ME ONCE, LOVE ME FOREVER!" to be used as a mark under class(es) 0025. Said mark was first used anywhere September 30, 2010 and was first used in Florida September 30, 2010.

I further certify this mark is being used in connection with the following goods and/or services: T-SHIRTS, TANK TOPS, SHORTS SETS, SWEATSHIRTS.

I further certify that said mark was registered in this office on June 17, 2014 and its date of expiration is June 17, 2019.

The number of this mark is T14000000643.

Disclaimer for: "MIAMI" "1995"

Given under my hand and the
Great Seal of the State of Florida
at Tallahassee, the Capital, this the
Eighth day of July, 2014



CR2EO22 (1-11)

Ken Detzner
Secretary of State

**COVER LETTER**

**TO:**     Registration Section
            Division of Corporations

**SUBJECT:**   EXIST MIAMI 1995 TRY ME ONCE, LOVE ME FOREVER! (and design)
               _____
                              (Mark to be registered)


The enclosed Trademark/Service Mark Application, specimens and fee(s) are submitted for filing.

Please return all correspondence concerning this matter to the following:


# Robert Kain
_____
                    (Name of Person)


# Kain & Associates, Attorneys at Law, P.A.
_____
                    (Firm/Company)


# 900 SE Third Ave, Suite 205
_____
                    (Address)

# Ft. Lauderdale, Florida 33316
_____
                 (City/State and Zip Code)


For further information concerning this matter, please call:


# Robert Kain                          at ( 954 ) 768-9002
_____          _____
        (Name of Person)                   (Area Code & Daytime Telephone Number)


**MAILING ADDRESS:**                  **STREET/COURIER ADDRESS:**
Registration Section                  Registration Section
Division of Corporations              Division of Corporations
P.O. Box 6327                         Clifton Building
Tallahassee, FL 32314                 2661 Executive Center Circle
                                      Tallahassee, FL 32301


(**NOTE:** The information contained in this cover letter will be included in the permanent record and will be available to the general public.)

## APPLICATION FOR THE REGISTRATION OF A TRADEMARK OR SERVICE MARK
### PURSUANT TO CHAPTER 495, FLORIDA STATUTES

TO:     **Division of Corporations**
        **Post Office Box 6327**
        **Tallahassee, FL 32314**

### PART I

1. OWNER/APPLICANT: Enter the name and address of the individual or the business entity to be listed as the owner of the Trademark and/or Service Mark on the records of the Florida Department of State.

  (a) Owner's/Applicant's name: Exist, Inc.

  (b) Owner's/Applicant's business address: 1650 N.W. 23rd Ave., Bay A

    Ft. Lauderdale, Florida 33311
    _____City/State/Zip

If different, Owner's/Applicant's mailing address: _____

    _____City/State/Zip

  (c) Owner's/Applicant's telephone number: ( 954 ) 739-7030

Check the appropriate box to indicate the Owner/Applicant is a(n):

  ☐ Individual     ☑ Corporation          ☐ Joint Venture    ☐ Limited Liability Company

  ☐ General Partnership  ☐ Limited Partnership    ☐ Union      ☐ Other:_____

If the Owner/Applicant is a business entity, the business entity must have an active filing or registration on file with the Florida Department of State. If the Owner/Applicant is not an individual, enter the business entity's Florida registration/document number in #1, the state or country under the laws of which the business entity is currently formed, organized or incorporated under in #2, and the entity's federal employer identification number (EIN) in #3.

  (1) Florida registration/document number: P99000101215

  (2) Domicile State or Country: Florida

  (3) Federal Employer Identification Number: 650961889

2. (a) SERVICE MARK: If the owner/applicant is using the name, logo, design and/or slogan being registered in connection with a type of service, the mark is a service mark. If the mark is a service mark, the applicant/owner must list the specific service(s) the mark is being used in connection with. For example: furniture moving services, diaper services, house painting services, wholesale and retail sales of tractor equipment, etc. If the owner/applicant is using the mark to identify services available in the market place, enter the specific service(s) being rendered here:

(Note: List only those services currently being rendered by the owner/applicant. Do not include future services.)

_____

_____

_____

**Page 1 of 4**

2. (b)  TRADEMARK:  If the owner/applicant is using the name, logo, design and/or slogan being registered in connection with an actual product manufactured by the owner/applicant or on the owner/applicant's behalf, the mark is a trademark.  If the mark is a trademark, the applicant/owner must list the specific product(s) the name, logo, design and/or slogan is being used to identify.  For example:  ladies sportswear, cat food, barbecue grills, shoe laces, etc.  If the owner/applicant is using the name, logo, design and/or slogan to identify goods available in the market place, enter the specific product(s) the name, logo, design and/or slogan is being used to identify:

(Note:  List only those product(s) currently available.   Do not include future products.)

t-shirts, tank tops, shorts sets, sweatshirts

2. (c) HOW IS THE NAME, LOGO, DESIGN AND/OR SLOGAN CURRENTLY USED:

SERVICE MARKS:  If the name, logo, design and/or slogan are/is being used in connection with a type of service, you must specify the form(s)/mean(s) of advertisement the applicant/owner is using to advertise the services to the general public.  For example:  newspaper advertisements, business cards, brochures, flyers, pamphlets, menus, etc.  If the mark is being used in connection with a type of service, state how the name, logo, design and/or slogan are/is being used in advertising here:

TRADEMARKS:  If the name, logo, design and/or slogan are/is being used to identify a product manufactured by or fore the applicant/owner, you must specify how the mark is applied or affixed to the actual product or its packaging.  For example:  a tag, label, imprinted or engraved on the actual product, etc.  If the mark is being used in connection with a specific product, state how the name, logo, design and/or slogan is applied or affixed to the actual product(s) or the packaging:

labels and hang tags

2. (d) FEE(S) AND CLASS(ES):  There are a total of 45 classes or categories in which all products or services must be categorized.  The fee to register a mark is $87.50 per class.  Make check payable to Florida Department of State.

List the class(es) which apply to the product(s) and/or service(s) listed in 2(a) and/or 2(b) above:

Class 25

Page 2 of 4

## PART II

1. You must state the date the name, logo, design and/or slogan was first used in the state of Florida, and, if it was used in another state or country, the date you first used the name, logo, design and/or slogan in the other state or country. Enter the month, day, and year the name, logo, design and/or slogan was first used by the applicant/owner, the predecessor, or a related company in Florida. If the name, logo, design and/or slogan has been used in another state or country, then you must also enter the month, day, and year the name, logo, design and/or slogan was/were used in another state or country, when applicable.

**Note: The Florida Statutes require a mark to be in use prior to registration.**

(a) Date first used in other state or country, if applicable: September 30, 2010

(b) Date first used in Florida: September 30, 2010

## PART III

### ENTER NAME, LOGO, DESIGN AND/OR SLOGAN BEING REGISTERED:

1. Enter the name, a brief description of the logo or design, and/or the slogan you are registering. The description of the logo and/or design must be 25 words or less. List the exact name, slogan, and/or description of the logo/design here: (NOTE: The name, logo, design and/or slogan listed in this section must match the exact name, logo, design and/or slogan listed on your specimens or examples.)

Block letters of the word "EXIST" with smaller block letters of the word "MIAMI" below them, below the block lettering is a shield with a central

crown atop, a diagonal line running across the shield from bottom left to upper right, a block letter "E" in the left quadrant of the shield, a dog

in the right quadrant of the shield, wreathes on the left and right sides of the shield, 19 on the left of the left wreath, 95 on the right

of the right wreath, a scroll below the shield, and the words "TRY ME ONCE, LOVE ME FOREVER!" surrounded by to horizontal solid lines, below the scroll, all within a doubled line box

Provide the English translation of any and all terms listed #1 above, when applicable:

2. DISCLAIMER STATEMENT (if applicable):
Your mark may include a word or design that is commonly used by others. Commonly used terms or designs must be disclaimed. When you disclaim a specific term or design, you are acknowledging this term is commonly used by others and that you do not claim the exclusive right to use the disclaimed term or design. All geographical terms and representations of cities, states or countries must be disclaimed (i.e., Miami, Orlando, Florida, the design of the state of Florida, the design of the United States of America, etc.). Corporate suffixes and terms readily associated with the specific product(s) and/or(s) service being provided must also be disclaimed.

Enter all terms listed in #1 above which require a disclaimer in the space provided below:

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE THE TERM(S)" _____

_____ "APART FROM THE MARK AS SHOWN.

**Page 3 of 4**

3.   ATTACH OR INCLUDE THREE SPECIMENS OR EXAMPLES OF THE TRADEMARK OR SERVICE MARK BEING REGISTERED

Chapter 495, F.S., requires you to submit three specimens (samples or examples) of the mark in use. You must submit three specimens FOR EACH CLASS listed in Part I #2(d). The name, logo, design and/or slogan on the specimens must be identical to the name, logo, design and/or slogan being registered. You may provide three identical specimens or three different specimens. For each service mark class (classes 35-45), you may provide three newspaper advertisements, business cards, brochures, flyers, or any combination thereof. For each trademark class (classes 1-34), you may provide three tags, labels, boxes, etc. or any combination thereof. Photographs of bulky specimens are acceptable if the mark being registered and the good(s) or product(s) are clearly legible.

SIGNATURE OF APPLICANT/OWNER AND NOTARIZATION:

I, Shaul Ashkenazy _____, being sworn, depose and say that I am the owner and the applicant herein, or that I am authorized to sign on behalf of the owner and applicant herein, and to the best of my knowledge no other person except a related company has registered this mark in this state or has the right to use such mark in Florida either in the identical form thereof or in such near resemblance as to be likely, when applied to the goods or services of such other person to cause confusion, to cause mistake or to deceive. I make this affidavit and verification on my/the applicant's behalf. I further acknowledge that I have read the application and know the contents thereof and that the facts stated herein are true and correct.

Shaul Ashkenazy, Vice President Exist, Inc.
Typed or printed name of applicant

Applicant's signature
(List name and title)

STATE OF _Florida_

COUNTY OF _Broward_

Sworn to and subscribed before me on this _3rd_ day of _June_ _2014_ _Shaul Ashkenazy_
(Name of Individual Signing)

☑ who is personally known to me    ☐ whose identity I proved on the basis of _____

_Rita M Cook_
Notary Public Signature

_RITA M Cook_
Notary's Printed Name

(Seal)

My Commission Expires:_____

RITA M. COOK
MY COMMISSION # EE170937
EXPIRES February 19, 2016
1-800-3-NOTARY   Fl Notary Discount Assoc. Co.

FILING FEE: $87.50 per class

Page 4 of 4





# EXHIBIT B





Try me once, Love me forever!

# EXHIBIT C













EXCESS
1656 COLLINS AVE
MIAMI BEACH FL 33139
305 6722788

REG   10-14-2014  11:41
                    000011

DEPT01        T1T2   $14.99
TAX-AMT 1            $14.99
TAX 1         7%     $1.05
CASH          $16.04

NO EXCHANGES NO REFUNDS
NO EXCHANGES NO REFUNDS
ALL SALES ARE FINAL
      THANK YOU