UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-CV-62429-BLOOM/VALLE

EXIST, INC., a Florida corporation,

    Plaintiff,

v.

E.S.Y., INC. d/b/a LIQUID ENERGY,
a Florida corporation, and DOES 1-10,

    Defendants.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION TO QUASH DEFENDANT'S SUBPOENA DUCES TECUM
TO NON-PARTY OR FOR ENTRY OF A PROTECTIVE ORDER**

THIS MATTER is before the Court on Plaintiff Exist, Inc.'s Motion to Quash Defendant's Subpoena Duces Tecum to Non-Party or to Enter a Protective Order (the "Motion") (ECF No. 22), which has been referred to the undersigned by United States District Judge Beth Bloom. *See* (ECF No. 16). Having reviewed the Motion, Defendant E.S.Y., Inc.'s Response (ECF No. 24), and Plaintiff's Reply (ECF No. 28), and being otherwise duly advised in the matter, Plaintiff's Motion is **GRANTED IN PART and DENIED IN PART** for the reasons set forth below.

    **I.    BACKGROUND**

This is a copyright and trademark infringement case. *See* Second Amended Complaint (ECF No. 29). Plaintiff is a self-described "leading maker of custom apparel for men, ladies, juniors and children" in the United States, Mexico, the Caribbean, and Canada. *Id.* ¶ 16. In connection with its business, Plaintiff purports to own various copyrights and trademarks. *Id.* Defendants, for their part, have allegedly been manufacturing and selling goods that infringe on Plaintiff's copyrights and trademarks, and otherwise engaging in unfair competition. *Id.* ¶¶ 21-26,

55, 59, 82. Plaintiff has thus sued Defendants for copyright and trademark infringement and unfair competition under federal and state law.

On January 26, 2015, Defendant E.S.Y., Inc. ("ESY") served a non-party subpoena duces tecum on Kabat, Schertzer, De La Torre, Taraboulos & Co. ("Kabat"), an accounting firm used by Plaintiff, requesting information related to Plaintiff's finances over the past six years. (ECF No. 22 at 1). On February 4, 2015, Plaintiff moved to quash ESY's subpoena as irrelevant, overbroad, and unduly burdensome. Plaintiff's Motion is ripe for adjudication.

## II.     DISCUSSION

Discovery in federal litigation is broad. Indeed, the Federal Rules of Civil Procedure "strongly favor full discovery whenever possible." *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985). Under Rule 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." *Id.* Relevant matter is broadly defined as information that "appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*

Despite such liberal discovery standards, Rule 45(d)(3) requires courts to quash subpoenas that require the disclosure of privileged or other protected matter or are unduly burdensome. Although Rule 45 does not identify irrelevance or overbreadth as grounds for quashing a subpoena, courts treat the scope of discovery under a subpoena the same as the scope of discovery under Rule 26. *Am. Fed'n of State, Cnty. & Mun. Employees (AFSCME) Council 79 v. Scott*, 277 F.R.D. 474, 476 (S.D. Fla. 2011) (citations omitted); *see also Chamberlain v. Farmington Sav. Bank*, No. 3:06-CV-01437-CFD, 2007 WL 2786421, at *1 (D. Conn. Sept. 25, 2007) ("It is well-settled that the scope of discovery under a Rule 45 subpoena is the same as that permitted under Rule 26."); *Stewart v. Mitchell Transport*, 2002 WL 1558210, *at 3 (D. Kan. July 8, 2002) (same); Advisory Committee Note to the 1970 Amendment of Rule 45(d)(1) (the 1970 amendments "make it clear

2

that the scope of discovery through a subpoena is the same as that applicable to Rule 34 and other discovery rules"); 9A C. Wright and A. Miller, *Federal Practice and Procedure*, § 2459 (2d ed. 1995) (Rule 45 subpoena incorporates the provisions of Rules 26(b) and 34).

Here, Plaintiff seeks to quash or modify ESY's non-party subpoena on Kabat, Plaintiff's accounting firm, because it purportedly seeks irrelevant information and is otherwise overbroad and unduly burdensome. Plaintiff takes issue with the subpoena's request for information related to its finances over the past six years, including correspondence between Plaintiff and Kabat, Plaintiff's tax returns, and other financial records.[1] *See* (ECF No. 22 at 18-20). ESY, for its part, argues that the requested information is relevant to Plaintiff's damages allegedly resulting from Defendants' trademark and copyright infringement and unfair competition under federal and state law.

Under both the Lanham Act and the Copyright Act, a plaintiff may elect between actual or statutory damages at any time before final judgment. *See* 15 U.S.C. § 1117(c) (Lanham Act); *see also* 17 U.C.S. § 504(c) (Copyright Act). Under the Lanham Act, actual damages are measured by "(1) defendant's profits, (2) *any damages sustained by the plaintiff*, and (3) the costs of the action."[2] 15 U.S.C. § 1117(a) (emphasis added); *see also Aronowitz v. Health-Chem Corp.*, 513 F.3d 1229,

---

[1] Specifically, the subpoena contains thirteen requests for information. Those requests seek: (1-4) all correspondence between Kabat and Exist, Ezra Saig, Shaul Ashkenazy, or Joshua Glickman that pertains to any professional services provided by Kabat to Exist within the last six years; (5) all ledger books and worksheets that pertain to any professional services provided by Kabat within the last six years; (6) all financial statements provided to or from Plaintiff within the last six years; (7) all raw financial or quantitative data provided to Kabat from Plaintiff within the last six years; (8) all documents related to any audits conducted upon Plaintiff within the last six years; (9) all tax return documents for the previous six tax returns for Plaintiff; (10) all documents filed with the IRS on behalf of Plaintiff within the last six years; (11) all correspondence exchanged with the IRS in connection with any professional services provided by Kabat to Plaintiff within the last six years; (12) all other documents used in connection with Kabat's services to Plaintiff within the last six years; and (13) all documents showing any third party consulted or employed in the course of Kabat's services to Plaintiff within the last six years. (ECF No. 22 at 18-20).

[2] Although Plaintiff's argument focuses on measuring its damages by Defendants' profits, *see, e.g.*, (ECF No. 22 at 5), the law clearly contemplates that "any damages sustained" by Plaintiff may also be used to measure its damages.

3

1241 (11th Cir. 2008).  "Any damages sustained by the plaintiff" include "'all elements of injury'" to the plaintiff's business "'proximately resulting from the infringer's wrongful acts' such as the costs of corrective advertising or injury to business reputation or goodwill."  *Aronowitz*, 513 F.3d at 1241 (quoting *Ramada Inns, Inc. v. Gadsden Motel Co.*, 804 F.2d 1562, 1564 (11th Cir. 1986)). Under the Copyright Act, actual damages are assessed by, among other things, "'the extent to which the market value of a copyrighted work has been injured or destroyed by an infringement.'"  *Cohen v. United States*, 100 Fed. Cl. 461, 476 (Fed. Cl. 2011) (quoting *United States v. King Features Entm't, Inc.*, 843 F.2d 394, 400 (9th Cir. 1988)).  "The loss in market value of the copyrighted work is 'often measured by the profits lost as a result of the infringement.'"  *Id.* at 477 (quoting *Data Gen. Corp. v. Grumman Sys. Support Corp.*, 36 F.3d 1147, 1170 (1st Cir. 1994)).

Thus, when a plaintiff alleges actual damages (as opposed to purely statutory damages) in a trademark and copyright infringement suit, the plaintiff's finances are relevant to the issue of damages.  For instance, in *Joe Hand Promotions, Inc. v. Fishers Bucks Seafood*, No. 90-7849, 1991 WL 211646 (E.D. Pa. Oct. 16, 1991), the court concluded that the copyright plaintiff's financial information, including its tax returns, was discoverable because the plaintiff alleged actual damages "for loss of good will, advertising and present and future business profits."  *Id.* at *1.  On the other hand, in *Faulkner Press, LLC v. Class Notes, LLC*, No. 1:08-CV-49-SPM/AK, 2009 WL 4730624, at *1 (N.D. Fla. Dec. 9, 2009), the copyright plaintiff was "exceedingly careful" not to allege actual damages because it did not wish to open its financial information to discovery.  *Id.* at *1.

In this case, Plaintiff explicitly requests a judgment in the amount of its "actual damages," including "all profits to each Defendant plus all losses to [Plaintiff]."  (ECF No. 29 at 22). According to Plaintiff, Defendants' conduct has caused "substantial damages to [its] business . . . , as well as additional general and special damages," *id.* ¶ 49, and damage to its "rights, reputation, and goodwill," *id.* ¶ 61.  Because these allegations necessarily put Plaintiff's financial status before,

4

during, and after the alleged wrongful conduct at issue, Plaintiff's financial information is relevant and thus generally discoverable. *See, e.g.*, *Joe Hand Promotions, Inc.*, 1991 WL 211646 at *1. To find otherwise would permit Plaintiff to seek to hold Defendants' liable for the actual damages to its business without affording Defendants a reasonable opportunity to explore the factual bases for Plaintiff's claims.[3]  Accordingly, the undersigned finds that ESY is generally entitled to discover financial information about Plaintiff's business.

Having determined that ESY's subpoena generally seeks relevant information from Kabat, the next question is whether the subpoena should nevertheless be quashed or modified because it is overbroad or unduly burdensome.  Plaintiff, however, does not articulate how any particular request is overbroad or unduly burdensome.  (ECF Nos. 22 at 7).  Nonetheless, the undersigned finds that ESY's request for six years' worth of financial information is overbroad, and thus narrows the relevant time period to 2010 to the present in accordance with Plaintiff's allegations.  *See* (ECF No. 29 at ¶ 20) (alleging that "EXIST began using the EXIST '022 Shield Mark and the EXIST '643 Shield Mark in 2010 by selling garments carrying such Marks in Florida and throughout the United States"); *see also id.* ¶ 28 (alleging that "EXIST applied for and received a United States Copyright registration for the EXIST Shield Design, VA 1908820, used in connection with its hand tag and/or label" at some time before the alleged wrongful conduct); *cf.* (ECF No. 24 at 4) (ESY arguing that the relevant time period is 2010 to the present).

Accordingly, it is hereby **ORDERED and ADJUDGED** as follows:

(1)  Plaintiff's Motion to Quash Defendant's Subpoena Duces Tecum to Non-Party or to Enter a Protective Order (ECF No. 22) is **GRANTED** in that the subpoena's requests are limited to 2010 to the present.  The Motion to Quash is otherwise **DENIED**.

---

[3] Plaintiff's affidavit disputing the relevancy of its financial records does not change this analysis. *See* (ECF No. 28-1).  The law does not require Defendants to take Plaintiff's affiant at his word.

(2)     By **Friday, March 13, 2015**, the parties shall meet and confer to narrow any specific request that Plaintiff objects to as overbroad or unduly burdensome.  If the parties are unable to resolve Plaintiff's objections, the parties shall file a joint status report by **Wednesday, March 18, 2015** that: (a) identifies each disputed request in the format described in Local Rule 26.1(i)(3); and (b) succinctly explains the parties' respective positions as to each disputed request.  The parties are advised that the Court enforces the provisions of Rule 37.

(3)     Finally, because the parties agree to the entry of a protective order, *see* (ECF Nos. 22 at 7 and 24 at 6), by **Wednesday, March 18, 2015**, the parties shall submit a joint proposed protective order that protects against the disclosure of any confidential information in this litigation, including Plaintiff's financial information.

**DONE AND ORDERED** in Chambers in Fort Lauderdale, Florida, on March 4, 2015.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
United States District Judge Beth Bloom
All Counsel of Record